**STATE of Indiana on the relation of Fern E. FIRESTONE, Nancy Lockhart, Abraham Ploughe, Mary Ploughe, and all other similarly situated, Relators,**

v.

**PARKE CIRCUIT COURT and The Honorable Earl J. Dowd, Special Judge Thereof, Respondents.**

**No. 61S00–9302–OR–276.**

Supreme Court of Indiana.

Oct. 22, 1993.

Henry J. Price, Katherine M. Varie, Paul S. Bailey, Price & Barker, Indianapolis, Nels Ackerson, Stewart A. Block, Ackerson & Bishop, Washington, DC, for relators and plaintiffs in Hamilton County.

James P. Buchanan, Buchanan & Buchanan, Indianapolis, for plaintiffs in Parke County.

Pamela L. Carter, Atty. Gen., Matt Gutwein, Deputy Atty. Gen., Indianapolis, for the State.

Gerald F. Lutkus, Joseph R. Fullenkamp, Barnes & Thornburg, South Bend, Matthew J. Siembieda, Alexander D. Bono, Randi S. Hoffman, Blank Rome Comisky & McCauley, Philadelphia, PA, Robert J. Palmer, John H. Peddycord, May Oberfell & Lorber, South Bend, for defendants in Hamilton County and Parke County.

David C. Ford, Indianapolis, for amicus curiae Indiana Farm Bureau, Inc.

ORIGINAL ACTION

SHEPARD, Chief Justice.

This original action comes before us on relator Firestone's application for a writ of mandamus and prohibition against respondents, the Parke Circuit Court and Special

Judge Earl J. Dowd. After granting an emergency writ on February 26, 1993, we held a hearing on relator's application March 8th, 1993. We denied the application, and dissolved the emergency writ on March 9th. We conclude that Judge Dowd acted within his authority when he consolidated relator's Hamilton County class action with one pending in his court under Ind. Trial Rule 42(D). This opinion explains our denial of the writ.

Two separate class action suits have been brought against Penn Central Corporation and the U.S. Railroad Vest Corporation to quiet title to abandoned railroad right-of-way.

The Parke County plaintiffs filed a class action on July 31, 1992, on behalf of property owners adjacent to a particular former Penn Central Railroad line in west-central Indiana (the Crawfordsville Secondary Track), *Buchanan v. Penn Central Corp.* On August 31, 1992, these plaintiffs petitioned to enlarge the class to include all persons owning real property adjacent to former Penn Central right-of-way anywhere in the State of Indiana.

The Hamilton County plaintiffs, relators here, filed their action on October 19, 1992, on behalf of all owners of Indiana property adjacent to abandoned Penn Central track, *Firestone v. Penn Central Corp.* Their claims were not initially identical,[1] but they were based on the same general questions of fact and law, to wit: who owns the former Penn Central Railroad right-of-way in Indiana? By this time, the defendants had been served with discovery requests relating to statewide claims in the Parke County action.

In the midst of settlement discussions between defendants and the Parke County plaintiffs, and prior to a ruling on their August 31st petition to enlarge the class statewide, the Parke County plaintiffs amended their complaint on December 15, 1992, to encompass all similar statewide claims. On that same date, Judge Dowd preliminarily certified the statewide class for purposes of settlement only, and on December 30th these parties submitted a proposed settlement to the Parke Circuit Court.

On February 23, 1993, the Hamilton County court certified relator's class action, and directed that notice be sent to all class members. The next day, Judge Dowd entered the T.R. 42(D) order consolidating the Parke and Hamilton County actions in the Parke Circuit Court. He vacated the Hamilton County court's order from the previous day and enjoined relator Firestone from contacting members of the class. This consolidation gave rise to relators' request that we issue a writ divesting Judge Dowd of jurisdiction over the Hamilton County action.

Trial Rule 42(D) enables one trial court, for purposes of consolidating discovery and other pre-trial proceedings, to assert jurisdiction over a civil action pending in another trial court when both actions involve a common question of law or fact. By their very nature, class actions involve multiple claims which share common questions of law or fact. Ind. Trial Rule 23(A)(2). Although the procedural device of class actions arose out of an interest in judicial economy, allowing potential class members to opt out leaves open the possibility that more than one class could be recognized based on the same claim. For example, a property owner in Muncie could decide to opt out of the Parke County class action, but still participate in the class of Hamilton County plaintiffs. In such instances, T.R. 42(D) can serve as a case management tool to direct pretrial activity so as to avoid duplication and unnecessary confusion.

Because T.R. 42(D) specifies that a motion to consolidate "may only be filed in the court having jurisdiction of the action with the earliest filing date," we first explore the ramifications of amendments to the

---

1. The Parke County plaintiffs amended their complaint on December 15, 1992, which amendment incorporated the provisions of the Hamilton County complaint. Specifically, they included claims of fraud, conversion, and RICO and other statutory violations, which claims had not originally been contained in the Parke County complaint but had been raised in the Hamilton County complaint. Record at 82.

first-filed complaint subsequent to the filing of another similar complaint in another county. Here, the action first filed involved only the abandoned Crawfordsville Secondary Track. Even before the statewide claim was filed by relators in Hamilton County, however, the Parke County plaintiffs had petitioned to enlarge their class to include all such claims statewide.

■ We conclude that for purposes of determining priority under T.R. 42(D), the first action to encompass the claims of all owners of property adjacent to former Penn Central Railroad rights-of-way in Indiana was in Parke County. Relators cannot assert priority on the basis of the lack of *certification* by the court of a statewide class in Parke County prior to December 15th, inasmuch as their own class was not formally certified by the Hamilton County court until February 23d.

■ That the same Parke County plaintiffs filed an amended complaint raising statewide claims on December 15, 1992, conforming to the Hamilton County action which had been filed on October 19th, does not strip the Parke County plaintiffs of the priority they acquired by virtue of their August 31st petition to enlarge their class. Trial Rule 42(D) specifies that the date of *filing* controls which court may assert jurisdiction over a consolidated action, and the petition to enlarge an already filed class action claim is sufficient to establish priority as against all other similar claims filed after the date of such petition.

Relators also challenge the consolidation on grounds that the two suits were not both at the discovery stage at the time of the consolidation. Trial Rule 42(D) allows a party to consolidate "for the purpose of discovery and any pre-trial proceedings."

Relators complain that at the time of the consolidation the two actions were in very different stages. They say there was no discovery to consolidate. Comments accompanying T.R. 42(D), however, suggest broad applicability for the rule: "Under this Rule, all proceedings of any kind prior to the trial itself would be conducted by the court having the earliest filing date. This

would include motions for summary judgment." Comments on Rule 42(D) by the Indiana Supreme Court Committee on Rules of Practice and Procedure, *reprinted* in 3 William F. Harvey, Rules of Procedure Annotated 31 (2d ed. 1988 and Supp.1993). The benefits of consolidation can accrue when a party is engaged in pre-trial settlement negotiations. The rule contemplates return of the consolidated case upon completion of such pre-trial proceedings to the court in which it had been pending so that it can be tried by a judge or jury in the original venue. Where parties elect to settle, the purposes of returning to the original court would not be served by doing so.

In this case, however, relators fear that settlement of the Parke County case could eviscerate their Hamilton County action. Of course, res judicata can often be spied waiting in the wings when similar claims are litigated, and similarity between claims is the touchstone of both class actions and consolidation. The possibility that decisions in one class action will preclude claims in another emphasizes the value of consolidating the cases before a single judge "to avoid the otherwise unavoidable duplication of effort and time of witnesses and parties." *Id.* Orders entered in either action are subject to appeal as in the regular course of business.

Having determined the existence of a common question of law or fact, and that the statewide Parke County action was filed before the Hamilton County action, we find no fault with Judge Dowd's order consolidating the two actions pursuant to T.R. 42(D).

DeBRULER, GIVAN and KRAHULIK, JJ., concur.

DICKSON, J., dissents without separate opinion.